UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Cortec Corporation, a Minnesota corporation,<br><br>    Plaintiff,<br><br>v.<br><br>Erste Bank der oesterreichischen Sparkassen AG (Erste Bank), an Austrian corporation,<br><br>    Defendant. | Civil Action No. 07-CV-6094 (CM)<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

Plaintiff Cortec Corporation ("Cortec"), for its Complaint against Defendant Erste Bank der oesterreichischen Sparkassen AG ("Erste Bank AG"), complains and alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff Cortec, a Minnesota corporation, brings this diversity action against Defendant Erste Bank AG, a foreign Austrian corporation, for the significant monetary damages it has suffered in lost sales due to the unlawful actions of Erste Bank AG, and its agent, Erste & Steiermarkische Bank (hereinafter referred to as "Erste Bank Croatia").

2. Erste Bank AG does business in the United States, and maintains a branch office in New York City.

3. Erste Bank AG unlawfully interfered with the ability of Cortec's Croatian subsidiary, EcoCortec, to manufacture environmentally-friendly biodegradable and compostable anti-corrosion films and bags ("biodegradable anti-corrosion films") from its soon to be completed manufacturing facility in Beli Manastir, Croatia.

4. Erste Bank AG, working with its agent, Erste Bank Croatia, unlawfully called due a 3,000,000 Euro Loan Agreement with EcoCortec for the construction and furbishing of the EcoCortec manufacturing facility in Beli Manastir, Croatia. Cortec guaranteed EcoCortec's performance under the Loan Agreement.

5. This unlawful action has prevented EcoCortec from commencing manufacturing operations at the EcoCortec Facility – and thus has prevented the production of biodegradable anti-corrosion film needed by Cortec.

6. The unlawful actions of Erste Bank AG and its agent, Erste Bank Croatia, with respect to the Loan Agreement and the resulting loss of production at the EcoCortec Facility constitutes tortious interference with (1) EcoCortec's contract with Cortec to produce biodegradable anti-corrosion film for Cortec; and (2) Cortec's contracts with its distributors and direct customers to supply them with Cortec biodegradable anti-corrosion film products.

7. There is a pending civil action between EcoCortec and Erste Bank Croatia before the Trade Court in Rijeka, Croatia, whereby EcoCortec is seeking injunctive relief to stop the termination of the Loan Agreement and enjoin any efforts to foreclose on assets securing the Loan Agreement. No ruling has yet issued, and EcoCortec is not seeking monetary damages, simply injunctive relief.

8. Cortec has suffered significant monetary damages due to Erste Bank AG's tortious interference with contract, and seeks such damages in this action. Cortec also seeks a declaratory judgment that it is not in default under the guaranty it executed in connection with the Loan Agreement and that Erste Bank AG may not presently seek to collect under that guaranty.

## PARTIES

9. Plaintiff Cortec is a corporation organized and existing under the laws of the State of Minnesota with an office and principal place of business at 4119 White Bear Parkway, St. Paul, Minnesota 55110.

10. Cortec is in the business of manufacturing, marketing and selling anti-corrosion chemicals, films and packaging products that serve to protect the surfaces of metallic objects against corrosion worldwide.

11. Defendant Erste Bank AG, on information and belief, is a corporation organized and existing under the laws of Austria, with its registered office and principal place of business at Graben 21, 1010 Vienna, Austria.

12. Erste Bank Croatia, on information and belief, is a subsidiary of Erste Bank AG, and a corporation organized and existing under the laws of Croatia, with an office and principal place of business at Vukovarska 41, 1000 Zagreb, Croatia.

13. Erste Bank AG operates a commercial lending branch in the United States, located at 280 Park Avenue, No. 32 W, New York, New York.

## JURISDICTION AND VENUE

14. This Court has personal jurisdiction over all parties to this action. Jurisdiction over Defendant Erste Bank AG is based upon its doing business in the State of New York.

15. This Court has subject matter jurisdiction over this litigation under 28 U.S.C. § 1332 (a) in that Plaintiff Cortec is a citizen of the state of Minnesota and Defendant Erste Bank AG is a citizen of a foreign state, and the matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy-five Thousand Dollars ($75,000.00).

16. Venue of this litigation is properly lodged in this Court under 28 U.S.C. § 1391(b).

## BACKGROUND FACTS

### Cortec and its Distribution Network

17. Cortec is a world leader in the field of manufacturing environmentally friendly anti-corrosion products.

18. Cortec primarily sells its products through a worldwide network of distributors, 500 domestic and 500 international, and through its own sales offices in China, Germany, Russia and the United States.

19. Each Cortec distributor is required to enter into a written distribution agreement with Cortec.

20. In certain instances Cortec sells product directly to customers through the use of standard sales contracts – these direct sales usually involve customers with large volume requirements (*i.e.* 3M Company, General Motors, Hitachi, NASA, and United States Military).

### Cortec's CEO – Boris Miksic

21. Boris Miksic ("Miksic") is a resident of Saint Paul, Minnesota, and is the CEO and President of Cortec. Miksic maintains dual citizenship in the United States and Croatia.

22. Miksic is a well known public figure in Croatia, as he gained prominence as one of the top three vote getters in the 2005 Croatian Presidential election.

23. Miksic continues to be active in Croatian politics and currently is an elected member of the City Council of Zagreb, Croatia.

24. Some of Miksic's key initiatives during the 2005 Croatian presidential campaign were to fight corruption in the current Croatian political establishment and to promote

entrepreneurial activities by Croatian citizens, including the domestic, and not foreign, ownership of businesses and business assets.

### Increased Demand for Cortec's Biodegradable Anti-corrosion Film Products

25. Biodegradable anti-corrosion films and bags are some of Cortec's fastest growing products.

26. Cortec generates significant revenues from the sale of its biodegradable anti-corrosion film products in Europe, and Cortec has experienced a significant increase in demand for these products.

27. Cortec's business plan shows European market demand for its biodegradable anti-corrosion film products in the range of $200,000,000.00 per year.

### The EcoCortec Manufacturing Facility in Croatia

28. Cortec formed a subsidiary, EcoCortec, a limited liability company organized and existing under the laws of Croatia (hereinafter "EcoCortec"), to design, construct from the ground up, equip, operate and maintain a state-of-the-art manufacturing (extrusion) facility in Beli Manastir (the "EcoCortec Facility").

29. The EcoCortec Facility was designed for the exclusive manufacture (extrusion) of Cortec's biodegradable anti-corrosion films. The EcoCortec Facility has the overall capacity to produce over 10 million pounds of biodegradable anti-corrosion film product.

### The Croatian Bank for Reconstruction and Development Program

30. Beli Manastir is one of the fastest growing communities in Croatia. It is also an area of special Croatian state concern due to the heavy losses it suffered during the Homeland War (1991 – 1995).

31. The EcoCortec Facility is located on a 108,000 square foot customs-free zone in Beli Manastir, designated as a "Croatian Free Zone," which is intended to promote the development of sustainable manufacturing and employment within the region.

32. By being located in Beli Manastir, the EcoCortec Facility was eligible to be financed through a program to be administered by the Croatian Bank for Reconstruction and Development for crediting the development of economic activities in Beli Manastir (the "CBRD Program").

33. The CBRD Program required the participation of a large international Tier I bank.

### EcoCortec Searches For Loan Partner Under CBRD Program

34. Miksic, as CEO of EcoCortec, sought out Tier I banks in the region to enter into a Contract for a Long-term Loan under the CBRD Program.

35. Miksic met with representatives of at least five banks seeking to arrange for financing under the CBRD Program. All of these Tier I banks were large multinational banks with headquarters outside of Croatia.

### Erste Bank AG Holds Erste Bank Croatia Out as its Agent

36. As part of this process, Miksic met with representatives of Erste Bank Croatia, whom he understood to be acting as agents for Erste Bank AG and/or Erste Bank Group.

37. Miksic was given a copy of Erste Bank AG's annual report along with other literature from Erste Bank AG and/or the Erste Bank Group.

38. Miksic determined that Erste Bank AG had competitive terms amongst Tier I Bank Loan Agreements that met the requirements of the CBRD Program, and pursued the possibility of a Loan Agreement of upwards of 3 million (3,000,000) Euro to build the EcoCortec Facility.

39. While meeting with representatives of Erste Bank Croatia, whom led Miksic to believe that EcoCortec would be entering into a Loan with the Croatian branch of Erste Bank AG, and/or the Erste Bank Group, Miksic decided to chose Erste Bank AG as the Tier I bank to use in order to obtain the benefits of the CBRD Program.

40. Certain statements were made to Miksic by representatives of Erste Bank Croatia and/or Erste Bank Group to the effect that Erste Bank Croatia is the agent of Erste Bank AG, or is a branch of the Erste Bank Group, as reflected in the following paragraphs.

41. Erste Bank AG is a Tier I bank and is Austria's oldest savings bank and the largest wholly privately-owned Austrian credit institution listed on the Vienna Stock Exchange.

42. In its Annual Report and other promotional materials Erste Bank AG promotes itself to the public in Central and Eastern Europe as "the Erste Bank Group," and as "the Bank for Central and Eastern Europe."

43. Erste Bank AG holds Erste Bank Croatia out to the public as a member of the "Erste Bank Group," as its branch bank in Croatia, and as its agent.

44. Erste Bank AG states to the public that it is one of the largest employers in Central and Eastern Europe, with over 50 thousand employees and about 70% of its employees located outside of Austria -- including 1,736 employees who are located in Croatia.

45. Erste Bank AG states to the public that its home market "covers a coherent region of 120 million people, 15.9 million of which are already [bank] clients," and has over 630,000 customers in Croatia.

46. Erste Bank AG states to the public that it operates some 2,700 bank branches in Central and Eastern Europe, and has over 112 branches in Croatia.

47. Erste Bank AG states to the public that its strategy, devised nearly ten years ago, continues to be to expand its retail banking and fund management businesses in an efficient manner within the confines of Central and Eastern Europe. In so doing, Erste Bank AG decided to make a long term commitment to the markets at its doorstep, essentially its neighboring countries in Central Europe – the Czech Republic, Slovakia, Hungary, Croatia and Slovenia.

48. Erste Bank AG acquired Erste Bank Croatia in 2003. Erste Bank AG's Annual Report makes clear that:

> What really sets our acquisition policy apart is our post deal integration expertise. The restructuring and integration process typically starts the day after signing. A service agreement gives Erste Bank experts immediate access, so that they can familiarize themselves with day-to-day operations of the bank right away. Following closing of the transaction, a tried and tested transformation programme is put in place and executed by a multinational transformation team, led by a senior Erste Bank executive. It typically lasts no longer than 18 months and covers all material aspects of the business. In sensitive areas, such as risk management, existing staff are immediately assisted by Erste Bank staff in order to upgrade the function to group standards as quickly as feasible. As a result of our highly developed regional expertise and our positive acquisition track record, we will continue to grow our regional franchise both through carefully selected acquisitions that fit the existing network, and organically.

49. Pursuant to the above "acquisition policy" as it relates to risk management Erste Bank AG maintains absolute control over its agent, Erste Bank Croatia.

### Erste Bank AG Knew of the Existence of All of Cortec's Distributor Agreements and Key Client Contracts

50. As part of the Loan Application process, Erste Bank AG and Erste Bank Croatia requested and obtained from Cortec copies of all of Cortec's distributor agreements, its business plan for the EcoCortec Facility, and much more detailed financial and strategic information

-8-

including information related to EcoCortec's agreement to supply Cortec with the film products that Cortec would then sell to distributors and consumers.

51.    Erste Bank AG and Erste Bank Croatia knew that Cortec had over 500 domestic and 500 international distribution agreements that governed the sale of its biodegradable anti-corrosion film products, and that to perform under these agreements Cortec required the full use of the manufacturing capabilities of its new manufacturing facility in Beli Manastir, Croatia.

### The Long Term Loan

52.    Pursuant to the requirements of the CBRD Program the EcoCortec Facility was financed by Erste Bank AG, by and through an April 6, 2006, 3 million (3,000,000) Euro Contract on a Long Term Loan between its agent, Erste Bank Croatia, and EcoCortec (the "Long Term Loan").

53.    The Long Term Loan provided EcoCortec with funds under the CBRD Program of up to 3 million (3,000,000) Euro, to be disbursed to EcoCortec between April 7, 2006 through March 31, 2007.  The payment schedule had a one year grace period, and then a 120 month term with 36 quarterly payments, the first such payment due on June 30, 2008.

### Erste Bank AG Calls the Loan Due

54.    On or about March 8, 2007, for no apparent or lawful reason, and with no legal justification, Erste Bank AG and Erste Bank Croatia provided EcoCortec with a written notice entitled "Call for Payment to the Loan Beneficiary – Loan Termination," effectively terminating the Long Term Loan and calling due the amount of 1,651.004.52 Euro, while also advising that if such amount is not paid within eight days it will "undertake the procedure of forced collection."

55.    The actions of Erste Bank AG and Erste Bank Croatia caused the Contract on a Long Term Loan between EcoCortec and Erste Bank Croatia to be prematurely and unlawfully

called due – and thus terminated -- with only half of the 3 million (3,000,000) Euro loan amount having been paid out to EcoCortec.

### Erste Bank AG's Actions Have Caused Cortec Monetary Damages

56.     This unlawful action by Erste Bank AG and Erste Bank Croatia directly resulted in EcoCortec's inability to begin operations at the EcoCortec Facility and thus prevented EcoCortec from complying with its agreement with Cortec to supply the necessary biodegradable anti-corrosion film products required by Cortec. Those unlawful actions also interfered with Cortec's ability to satisfy its obligations under its distribution agreements, and in some cases, its contracts with specific customers.

57.     The EcoCortec Facility has yet to open, and thus has manufactured no biodegradable anti-corrosion film products needed by Cortec to satisfy its obligations under its distributor agreements and its direct contracts with key customers.

58.     Cortec has been damaged in amounts in excess of $1,000,000 due to the unlawful actions of Erste Bank AG and its agent Erste Bank Croatia.

### The Croatian Injunction Proceedings

59.     The actions of Erste Bank AG's agent, Erste Bank Croatia, in calling the Contract on a Long Term Loan due, terminating the loan and seeking foreclosure upon the assets of EcoCortec are being challenged by EcoCortec in The Trade Court in Rijeka, Croatia.

60.     In that proceeding EcoCortec is seeking equitable relief in the form of a temporary measure (i.e. injunction-type relief) enjoining Erste Bank AG's agent, Erste Bank Croatia, from taking any actions consistent with calling the Contract on a Long Term Loan due, and from taking any actions arising from any termination of the loan.

61.     EcoCortec is not seeking monetary damages in the action pending in The Trade Court in Rijeka, Croatia, but rather is seeking equitable relief.  No decision has been issued on this matter to date.

## COUNT I

### TORTIOUS INTERFERENCE WITH CONTRACT

62.     Cortec hereby incorporates by reference paragraphs 1 through 61 herein.

63.     A valid contract exists between EcoCortec and Cortec, pursuant to which EcoCortec agreed to manufacture and supply Cortec with biodegradable anti-corrosion film products through the operation of the EcoCortec Facility.

64.     Valid contracts exist between Cortec and certain of its high volume customers, pursuant to which Cortec has agreed to supply its customers with products manufactured, in part, by EcoCortec.

65.     Valid contracts exist between Cortec and its distributors, pursuant to which Cortec has agreed to supply its distributors with products manufactured, in part, by EcoCortec.

66.     Defendant Erste Bank AG knew of the contract between EcoCortec and Cortec, the contracts between Cortec and its customers, and the contracts between Cortec and its distributors.

67.     Erste Bank AG intentionally interfered with Cortec's contract with EcoCortec, Cortec's contracts with its customers, and Cortec's contracts with its distributors by improperly calling the Contract on a Long Term Loan being used by EcoCortec to finance the EcoCortec Facility – which was specifically designed, constructed and equipped to produce the biodegradable anti-corrosion film products EcoCortec had agreed to supply to Cortec.  Erste

Bank lacked justification for its improper conduct. This conduct prevented EcoCortec from supplying those films to Cortec.

68. In the alternative, Erste Bank intentionally interfered with Cortec's contract with EcoCortec, Cortec's contracts with its customers, and Cortec's contracts with its distributors by instructing Erste Bank Croatia to improperly call the Contract on a Long Term Loan being used by EcoCortec to finance the EcoCortec Facility – which was specifically designed, constructed and equipped to produce the biodegradable anti-corrosion film products EcoCortec had agreed to supply to Cortec. Erste Bank AG and Erste Bank Croatia lacked justification for this improper conduct. This conduct prevented EcoCortec from supplying those films to Cortec.

69. As a result of Erste Bank's wrongful interference with Cortec's contract with EcoCortec, the contracts with its customers, and the contracts with its distributors, Cortec has suffered damages in an amount to be proven at trial.

## COUNT II

### TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

70. Cortec hereby incorporates by reference paragraphs 1 through 69 herein.

71. A profitable business relationship exists between Cortec and EcoCortec.

72. A profitable business relationship exists between Cortec and the customers of the products it supplies.

73. A profitable business relationship exists between Cortec and its distributors.

74. Erste Bank AG interfered with the business relationship between Cortec and EcoCortec, the business relationship between Cortec and its customers, and the business relationship between Cortec and its distributors by improperly calling the Contract on a Long Term Loan being used by EcoCortec to finance the EcoCortec Facility – which was specifically

designed, constructed and equipped to produce the biodegradable anti-corrosion film products EcoCortec had agreed to supply to Cortec. Erste Bank AG and Erste Bank Croatia lacked justification for this improper conduct. This conduct prevented EcoCortec from supplying those films to Cortec.

75. In the alternative, Erste Bank AG intentionally interfered with the business relationship between Cortec and EcoCortec, the business relationship between Cortec and its customers, and the business relationship between Cortec and its distributors by improperly instructing Erste Bank Croatia to call the Contract on a Long Term Loan being used by EcoCortec to finance the EcoCortec Facility – which was specifically designed, constructed and equipped to produce the biodegradable anti-corrosion film products EcoCortec had agreed to supply to Cortec. Erste Bank AG and Erste Bank Croatia lacked justification for this improper conduct. This conduct prevented EcoCortec from supplying those films to Cortec.

76. Erste Bank AG used dishonest, unfair, improper, and/or wrongful means to interfere with the business relationship between EcoCortec and Cortec, between Cortec and its customers, and between Cortec and its distributors.

77. As a result of Erste Bank AG's improper actions, Cortec has suffered damages in an amount to be proven at trial.

## COUNT III

## ACTUAL AGENCY

78. Cortec hereby incorporates by reference paragraphs 1 through 77 herein.

79. Erste Bank Croatia serves as the actual agent of Erste Bank AG.

80. A formal or informal agreement exists between Erste Bank AG and Erste Bank Croatia, such that Erste Bank Croatia is authorized to enter into contracts on behalf of Erste Bank AG.

81. Erste Bank Croatia entered into the loan agreement with EcoCortec in its capacity as an actual agent of Erste Bank AG.

82. As principal, Erste Bank AG is responsible for Erste Bank Croatia's breach of the Long Term Loan committed by its agent.

## COUNT IV

## APPARENT AGENCY

83. Cortec hereby incorporates by reference paragraphs 1 through 82 herein.

84. Erste Bank AG made communications to Miksic and EcoCortec, through its words and conduct, which gave rise to the appearance and belief that Erste Bank Croatia was acting as the agent of Erste Bank AG with respect to the transaction at issue.

85. Miksic and EcoCortec reasonably relied on Erste Bank Croatia's appearance of authority in deciding to execute the Long Term Loan.

86. EcoCortec agreed to enter the Long Term Loan due to the communications received from Erste Bank AG that suggested Erste Bank Croatia was acting as its agent.

87. EcoCortec acted with the reasonable belief that Erste Bank Croatia served as the agent of Erste Bank AG.

88. As principal, Erste Bank AG is responsible for the breach of the Long Term Loan committed by its apparent agent.

## COUNT V

## IMPLIED/OSTENSIBLE AGENCY

89.    Cortec hereby incorporates by reference paragraphs 1 through 88 herein.

90.    Because of the nature of the transaction at issue, Erste Bank AG gave implied authority to its agent Erste Bank Croatia to enter into the Contract on a Long Term Loan.

91.    Erste Bank AG's words and/or actions reasonably gave Erste Bank Croatia the appearance of authority to enter into the loan agreement on Erste Bank AG's behalf.

92.    EcoCortec and Cortec reasonably relied on Erste Bank Croatia's implied authority in entering the Contract on a Long Term Loan.

93.    As principal, Erste Bank is responsible for the breach of the Long Term Loan committed by its implied and/or ostensible agent.

## COUNT VI

## DECLARATORY JUDGMENT

94.    Cortec hereby incorporates by reference paragraphs 1 through 93 herein.

95.    Cortec executed a guaranty agreement as part of the Long Term Loan, through which Cortec guaranteed the performance of EcoCortec.

96.    Erste Bank AG and Erste Bank Croatia have called the loan prematurely and sought to recover from EcoCortec amounts allegedly due under the Long Term Loan.

97.    A justiciable controversy presently exists between the parties regarding Erste Bank AG's ability to recover from Cortec under the guaranty Cortec executed.

98.    Pursuant to 28 U.S.C. § 2201 *et seq.*, Cortec seeks a declaratory judgment that it is not in default under the terms of its guaranty and that Erste Bank AG cannot presently seek to recover from Cortec under that guaranty.

**PRAYER FOR RELIEF**

Wherefore, Cortec demands the following relief and judgment:

1. An award of compensatory damages against Erste Bank AG in an amount in excess of $1,000,000.00, the exact amount of which will be proven at trial.

2. A declaratory judgment that Cortec is not in default under the terms of the personal guaranty associated with the Long Term Loan and that Erste Bank AG may not presently seek to recover from Cortec under that guaranty.

3. An award of Cortec's fees, costs and expenses incurred in this matter.

4. Such other and further relief the Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable.

Dated: June 28, 2007

O'ROURKE & DEGEN, PLLC

By  /s/ Ronald D. Degen
    Ronald D. Degen (RD 7808)
    225 Broadway, Suite 715
New York, New York 10007
Telephone: (212) 227-4530
Facsimile: (212) 385-9813
rdegen@odlegal.com

   AND

GRAY, PLANT, MOOTY, MOOTY
 & BENNETT, P.A.
Kirk W. Reilly
Jason J. Stover
500 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone:  612-632-3305
Facsimile:  612-632-4305
kirk.reilly@gpmlaw.com
jason.stover@gpmlaw.com