UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

Cortec Corporation, a Minnesota corporation,

                    Plaintiff(s),          07 Civ. 6094 (CM) (DFE)

   -against-

Erste Bank der oesterreichischen Sparkassen
AG (Erste Bank), an Austrian corporation,

                    Defendant(s).

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/1/07
```

------------------------------------------------------------- x

### ORDER SCHEDULING AN INITIAL PRETRIAL CONFERENCE

McMAHON, District Judge.

    This action having been assigned to me for all purposes, it is hereby, ORDERED as follows:

    1. Counsel receiving this order shall contact all counsel of record (or where a party is not yet represented, such party) and, if necessary, provide them with a copy of this order.

    2. Counsel for all parties are directed to confer, complete and sign the attached "Civil Case Management Plan" and to fax it to the court within Thirty (30) Days. The parties are free to set their own deadlines **as long as the plan provides for the completion of all discovery within six months of this order and the filing of a proposed "joint final-pretrial order," within forty-five days of the close of discovery.** (The "trial ready" date is to be left blank.)

    If a conforming case management plan is timely submitted, the parties need not appear for an initial conference. If the parties fail to agree upon such a plan or fail to submit the plan to the court within the time provided (thirty days from the date of this order), the parties must appear for a conference on 9/14/2007 in courtroom 21B, 500 Pearl Street, New York, New York 10007 at 10:30 a.m.

    3. Any party desiring a conference with the Court for purposes of discussing settlement, narrowing of issues, or other pertinent pretrial matters may request a conference by faxing a letter to the court.

    4. If a motion is filed prior to the conference date, the parties must attend the conference, even if counsel have agreed upon a case management plan. Upon request, the court will adjourn the conference until the motion is fully briefed.

    5. Parties are to follow Judge McMahon's practice rules. To access a copy of the Judge's rules go to the court's website www.nysd.uscourts.gov and click on "Judge McMahon."

    6. Judge McMahon's rules governing electronic discovery are automatically in force in this case. The Judge's rules on electronic discovery can be found on the court's website.

Dated: August 1, 2007

                                                         Colleen McMahon
                                                         U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

Cortec Corporation, a Minnesota corporation,

                Plaintiff(s),        07 Civ. 6094 (CM) (DFE)

  -against-

Erste Bank der oesterreichischen Sparkassen
AG (Erste Bank), an Austrian corporation,

                Defendant(s).

_____X

CIVIL CASE MANAGEMENT PLAN
(for all cases except patent, IDEA and ERISA benefits cases,
and cases subject to the Private Securities Litigation Reform Act)

1. This case is/is not to be tried to a jury.

2. Discovery pursuant to Fed.R.Civ.P. 26(a) shall be exchanged by _____.

3. No additional parties may be joined after _____.

4. No pleading may be amended after _____.

5. If your case is brought pursuant to 42 U.S.C. § 1983: In keeping with the United States Supreme Court's observation that the issue of qualified immunity should be decided before discovery is conducted, counsel representing any defendant who intends to claim qualified immunity must comply with the special procedure set forth in Judge McMahon's individual rules, which can be found at www.nysd.uscourts.gov.

Failure to proceed in accordance with the qualified immunity rules constitutes a waiver of the right to move for judgment on the ground of qualified immunity prior to trial. *Please identify any party who is moving to dismiss on qualified immunity grounds.*

6. All discovery, *including expert discovery*, must be completed on or before _____. (For personal injury, civil rights, employment discrimination or medical malpractice cases only): Plaintiff's deposition shall be taken first, and shall be completed by _____. PLEASE NOTE: the phrase "all discovery,

including expert discovery" means that the parties must select and disclose their experts' identities and opinions, as required by Fed. R. Civ. P. 26(a)(2)(B), *well before* the expiration of the discovery period. Expert disclosures conforming with Rule 26 must be made no later than the following dates: Plaintiff(s) expert report(s) by_____ \_\_\_\_; Defendant(s) expert report(s) by \_\_\_\_ _____ .

    7. Judge McMahon's Rules governing electronic discovery apply automatically to this case. The parties must comply with those rules unless they supercede it with a consent order. The text of the order will be found at www.nysd.uscourts.gov.

    8. This case has been designated to the Hon. United States Magistrate _____ for resolution of discovery disputes. Do not contact Judge McMahon about discovery disputes; go directly to your assigned Magistrate Judge. Discovery disputes do not result in any extension of the discovery deadline or trial-ready date, and Judge McMahon must approve any extension of the discovery deadline in non-pro se cases. *The Magistrate Judge cannot change discovery deadlines unless you agree to transfer the case to the Magistrate Judge for all purposes.* Judge McMahon does not routinely grant extensions so counsel are warned that if they wait until the last minute to bring discovery disputes to the attention of the Magistrate Judge, they may find themselves precluded from taking discovery because they have run out of time.

    9. A joint pre-trial order in the form prescribed in Judge McMahon's individual rules, together with all other pre-trial submissions required by those rules (not including *in limine* motions), shall be submitted on or before _____. Following submission of the joint pre-trial order, counsel will be notified of the date of the final pre-trial conference. *In limine* motions must be filed within five days of receiving notice of the final pre-trial conference; responses to in limine motions are due five days after the motions are made. Cases may be called for trial at any time following the final pre-trial conference.

    10. No motion for summary judgment may be served after the date the pre-trial order is due. *The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pre-trial order and other pre-trial submissions on the assigned date.*

    11. The parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. Section 636(c).

      12. This scheduling order may be altered or amended only on a showing of good cause that is not foreseeable at the time this order is entered. *Counsel should not assume that extensions will be granted as a matter of routine.*

Dated:
      New York, New York

Upon consent of the parties:
[signatures of all counsel]

_____



_____



_____

                        SO ORDERED:


                        _____
                        Hon. Colleen McMahon
                        United States District Judge