# EXHIBIT F



ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BARCELONA
BOSTON
BRUSSELS
CHARLOTTE
CHICAGO
DALLAS
DENVER
DUBLIN
FRANKFURT
GENEVA
HONG KONG
HOUSTON
IRVINE
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MONTREAL
MUNICH
NEW YORK
PARIS
PHILADELPHIA
PORTLAND
RESEARCH
TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SAN JOSE
SEATTLE
SINGAPORE
STOCKHOLM
SYDNEY
TOKYO
TORONTO
WASHINGTON, DC

City of New York, State of New York, County of New York

I, Eric Brown, hereby certify that the following is, to the best of my knowledge and belief, a true and accurate translation of the attached document "Surety Agreement", from Croation to English.

Eric Brown

Sworn to before me this

30th  day of August, 2007

Signature, Notary Public

HEATHER BOSLEY
Notary Public-State of New York
No. 01BO6116856
Qualified in NEW YORK County
Commission Expires OCT 12, 20__

Stamp, Notary Public

**ERSTE & STEIERMARKISCHE BANK d.d., Rijeka, Jadranski trg 3a, business account number: 2402006-1031262160, identification number: 3337367** (hereinafter: the Bank)
and
**CORTEC CORPORATION, 4119 White Bear PKWY St. Paul, White Bear Town, MN 55110-7634, United States,** represented by Boris Mikšić, acting as the surety -- hereinafter: the Surety
and
**MIKŠIĆ BORIS, PERSONAL IDENTIFICATION NUMBER (MBG): 1110948330222, Krajiška 13, 10 000 Zagreb** - acting as the surety - hereinafter: the Surety

concluded on 6 (the sixth) of April, 2006 (two thousand and six)

## AGREEMENT ON JOINT SURETY
## NUMBER 51016015-5102937724

### Article 1
The contracting parties mutually determine that Erste & Steiermärkische bank d.d., Rijeka and Ecocortec d.o.o., Osijek (hereinafter: the Principal Debtor) concluded on 6 (the sixth) of April, 2006 (two thousand and six) the Agreement on Long-term Loan number 51016015-5102937724 in the amount of EUR 3,000,000.00 in HRK equivalent value, at the interest rate of 4% and with the term of 120 (hundred and twenty) months from the date the loan is effected including a grace period of 12 (twelve) months (hereinafter: the Loan Agreement).

### Article 2
By signing this Agreement, the Sureties irrevocably undertake to entirely settle all the obligations of the Principal Debtor arising from the Loan Agreement at the Bank's first request and without delay.

### Article 3
3.1. By signing this Agreement, the Surety Cortec Corporation explicitly, under civil and criminal liability, declares:
- that the documentation submitted with the purpose of establishing surety is true and correct and reflects the actual data on the company
- that the person authorized to represent the company is Mr. Boris A. Mikšić MBG: 1110948330222

3.2. By signing this Agreement, the Surety Cortec Corporation confirms and guarantees the truthfulness and correctness of the statements in the previous paragraph.

3.3. By signing this Agreement, Boris Mikšić, acting as the responsible person of the company Cortec Corporation and the person authorized to represent the company Cortec Corporation, under civil and criminal liability declares:
- that the documentation submitted with the purpose of establishing surety is true and correct and reflects the actual data on the company Cortec Corporation
- that the person authorized to represent the company is Mr. Boris A. Mikšić, MBG: 1110948330222

3.4. By signing this Agreement, the Surety Boris Mikšić confirms and guarantees the truthfulness and correctness of the statements in the previous paragraph.

### Article 4
4.1. With the purpose of securing the Bank's claims arising from the Loan Agreement and fulfilling the obligation from Article 2 of this Agreement, the Surety Boris Mikšić undertakes to submit to the Bank:
- 1 (one) single blank bill of exchange
- statement in accordance with Article 183 of the Enforcement Act.

4.2. With the purpose of securing the Bank's claims arising from the Loan Agreement and fulfilling the obligation from Article 2 of this Agreement, the Surety Cortec Corporation undertakes to submit to the Bank:

- 1 (one) single blank bill of exchange
- statement in accordance with the Article 183 of the Enforcement Act.

4.3. By signing this Agreement and submitting to the Bank the blank bills of exchange from paragraph 1 of this Article, the Sureties irrevocably authorize the Bank to, in the case of non-fulfillment of any of the Sureties' obligations under this Agreement, fill out the bills of exchange with the amount of the due and unpaid claim and with other essential elements of the bill of exchange, to domicile them and submit for payment, and in case of inability to settle, to undertake corresponding actions with the bill of exchange in accordance with the law.

4.4. In case all the obligations of the Principal Debtor arising from the Loan Agreement and all Sureties' obligations are fulfilled in a timely manner, the Bank undertakes to return to the Sureties the provided bills of exchange from paragraph 1 of this Article and statements according to Article 183 of the Enforcement Act.

4.5. By signing this Agreement, the Sureties irrevocably authorize the Bank, in case of their delayed fulfillment, i.e., non-fulfillment of any obligation undertaken by this Agreement, to use all guarantees and collaterals at its disposal and to retain all funds kept by the Sureties in the accounts held with the Bank as well as to collect its claims without any further questions or approvals from funds kept at any designated or undesignated account with the Bank.

4.6. In case any obligation under this Agreement becomes due, the Sureties explicitly agree that the Bank may undertake a direct and forcible enforcement pursuant to this Agreement and the excerpts from the business records, over all their accounts as well as their moveable and immoveable assets and other material rights.

### Article 5

By issuing single bills of exchange from article 4 of this Agreement, the Sureties, under criminal and civil liability, irrevocably guarantee with their assets and authorize the Bank to, in case of non-fulfillment of the obligation in Article 2, and in accordance with Article 4 of this Agreement, to fill out the bills of exchange with the amount of the due and unsettled claim and with other essential elements of the bill of exchange, to domicile them and submit for payment, and in case of inability to settle, to undertake corresponding actions in accordance with the law.

### Article 6

6.1. By signing this Agreement, the parties mutually determine that the provision of paragraphs 1 and 2 of Article 4 of this Agreement has been fulfilled.

6.2. This Agreement, signed by both contracting parties, serves as evidence for the Bank of taking over the single bills of exchange from the Sureties.

### Article 7

7.1. The Sureties undertake to inform the Bank in writing and without delay of any change in their office or residential address, otherwise the address from the preamble of this Agreement shall be considered the Sureties' last address.

7.2. The Surety Cortec Corporation explicitly declares that all letters should be delivered to the address 4119 White Bear PKWY St. Paul, White Bear Town, MN 55110-7634, United States, and in case of inability to deliver to the mentioned address, the delivery should be made to the address in the Republic of Croatia, Krajiška 13, 10 000 Zagreb.

**Article 8**

The contracting parties mutually determine that this Agreement is considered an integral part of the Agreement on Long-term Loan number 51016015-2031009602 of March 29 (twenty-ninth), 2006 (two thousand and six) concluded between the Bank, acting as the creditor, and the company ECOCORTEC d.o.o., Osijek, acting as the Borrower.

**Article 9**

This Agreement is concluded for an indefinite period of time and remains effective until the Principal Debtor, i.e. the Sureties meet their obligations towards the Bank arising from the Loan Agreement and this Agreement.

**Article 10**

In case of dispute arising from the application of this Agreement, the actual competent court in Zagreb shall have the territorial jurisdiction. The contracting parties agree that Croatian law will be the governing law.

In case of dispute, the Surety Cortec Corporation explicitly declares that it consents to delivery not to being made via diplomatic channels in accordance with Art. 136 of the Act on Civil Procedure, but to have deliveries made directly to the address 4119 White Bear PKWY St. Paul, White Bear Town, MN 55110-7634, United States.

**Article 11**

This Agreement has been made in 4 (four) identical and equally valid copies, 1 (one) for each of the Sureties and 2 (two) for the Bank.

THE SURETY                                          THE BANK

                                                    [signature]

THE SURETY

I, **notary public MIRJANA BORIC**, with registered office in **Osijek, Vij. J. Gotovca 13** hereby confirm that **BORIS MIKŠIĆ,** from Zagreb, Krajiška 13, personally and for CORTEC CORPORATION, 4119 White Bear PKWY, St. Paul, White Bear Town, MN 55110-7634, United States, in my presence and personally signed the Agreement on Joint Surety number 51016015-5102937724 of April 6, 2006.

I have determined the identity of the person submitting the document based on personal identity card no. 10182698 issued by the Zagreb Police Department, and the authorization by reviewing the document of the American Federal State Minnesota, Office of the Secretary of State for Foreign Affairs, receipt number 761719, confirmed on 03/22/2006, with an apostil, all translated by the authorized translator for the English language Vlatka Vekić from Osijek, S. Radića 9, on 04/13/2006.

Enclosed to this certification is the Confirmation on signature and function with signature of Boris Mikšić dated 23 March, 2006 certified by the notary in USA, with an apostil, and certified translation of the interpreter for English language Vlatka Vekić from Osijek, S. Radića 9, on 04/13/2006.

The signature on the document is true.

The notary public stamp duty in the amount of HRK 10.00 pursuant to Tariff No. 11 of the Public Information Act charged and stamped on the document remaining for the archive.

Notary public fee charged pursuant to Art. 19 of PPJT in the amount of HRK 30.00 + 22% VAT.

Number: OV–8311/06-2

In Osijek, 04/06/2006.

Notary Public:
[signature]
[seal:][illegible]