# EXHIBIT L



**REPUBLIKA HRVATSKA**
**TRGOVAČKI SUD U RIJECI**

Posl. br. X-P-406/2007-12

### R J E Š E N J E

Trgovački sud u Rijeci po sucu Nadi Maraš kao sucu pojedincu u parničnom predmetu tužitelja ECOCORTEC d.o.o. BELI MANASTIR, INDUSTRIJSKA ZONA BB zastupanog po Domagoju Čajkovskom odvjetniku iz Rijeke protiv tuženika ERSTE & STEIERMARKISCHE BANK d.d. RIJEKA, JADRANSKI TRG 3 zastupanog po Jasminki Hodžić i Katji Jajaš odvjetnicama iz Rijeke radi utvrđenja i isplate povodom prijedloga za određivanje privremene mjere dana 27. lipnja 2007. godine izvan glavne rasprave

### r i j e š i o   j e

Odbija se prijedlog tužitelja za određivanje privremene mjere koji glasi:

«1. Određuje se privremena mjera i nalaže se tuženiku da oslobodi od zabrane raspolaganja (blokade) sredstva na tužiteljevom žiro računu broj 2402006-1100454053 u iznosu od 12.387.516,44 kn u roku od 24 sata od dostave prijepisa ovog rješenja.

2. Određuje se privremena mjera zabrane tuženiku da na tužiteljevom žiro računu broj 2402006-1100454053 uspostavlja zabranu raspolaganja sredstvima (blokadu) do pravomoćnosti odluke u ovom predmetu.

3. Određuje se privremena mjera i zabranjuje tuženiku poduzimanje radnji ostvarivanja prava koja proizlaze iz otkaza Ugovora o dugoročnom kreditu broj 2402006-1031262160/51016105-5102937724 sklopljen dana 6.04.2006. god. između Erste & Steiermarkische bank d.d. Rijeka i Ecocortec d.o.o. za proizvodnju i trgovinu Osijek.

4. Ova privremena mjera ostaje na snazi do donošenja pravomoćne presude u ovom predmetu.»

1

Posl. br. X-P-406/2007-12

## Obrazloženje

Tužitelj u tužbi tvrdi da su stranke dana 6.04.2006. god. sklopile Ugovor o dugoročnom kreditu i to za potrebe financiranja izgradnje tvornice biorazgradive ambalaže u Belom Manastiru. Tužitelj tvrdi da je za osiguranje povrata kredita tuženiku dao instrumente osiguranja i to 5 bjanko zadužnica iz čl. 183 OZ, zalog na nekretnini te da su za tužitelja jamčili i Boris Mikšić osobno te Cortec corporation iz SAD kao i da je tužitelj dao suglasnost i neopozivo ovlastio tuženika da se namiri sa svih bankovnih računa koje tužitelj ima kod tuženika ili trećih banaka. Tužitelj tvrdi da je dana 20.03.2007. god. odnosno u vrijeme dok još tuženik nije u cijelosti izvršio svoju obvezu davanja kredita primio od tuženika «poziv na plaćanje korisniku kredita – otkaz kredita» koji nosi datum 8.03.2007. god., otkazom s danom 9.03.2007. god. i sa pozivom na povrat iznosa od 12.123.504,50 kn (protuvrijednost 1.651.004,52 €) u roku od 8 dana. Tužitelj tvrdi da tuženik nije označio nikakve razloge otkaza Ugovora o kreditu osim paušalnog pozivanja na odredbu čl. 13 Ugovora. Tužitelj tvrdi da, budući nisu postojali ugovorni ni zakonski razlozi za otkaz Ugovora, je dopisom od 22.03.2007. god. obavijestio tuženika da odbija otkaz podredno da otkaz nije dopušten te da smatra da otkaz nije podnesen odnosno da ne proizvodi pravne učinke. Tužitelj tvrdi da će prva, neposredna i neotklonjiva posljedica bilo kojeg od instrumenata osiguranja povrata kredita dovesti do stečaja tužitelja. Tužitelj stoga predlaže da sud donese presudu kojom će utvrditi da otkaz kredita tuženika od 8.02.2007. god. nije nastupio te obvezati tuženika da plati tužitelju kunsku protuvrijednost iznosa od 1.377.864,30 € spp i naknadi mu parnični trošak.

Tužitelj je uz tužbu podnio i prijedlog za određivanje privremene mjere u kojem navodi da se taj prijedlog daje u odnosu na nenovčano potraživanje tužitelja. Tužitelj tvrdi da već sama okolnost da tuženik nije označio u otkazu razloge otkaza čini tužbeni zahtjev pa time i potraživanje tužitelja vjerojatnim. Tužitelj tvrdi da predloženom privremenom mjerom tuženik ne bi pretrpio nikakvu štetu jer da kredit nije ni dospio na naplatu već da dospijeva tek 30.06.2008. god pa da je time ispunjena i druga pretpostavka za određivanje privremene mjere. Tužitelj

2

Posl. br. X-P-406/2007-12

također tvrdi da je jedina neizbježna posljedica prisilne naplate zbog otkaza kredita za tužitelja stečaj što da znači prestanak tužitelja, potpuna promjena postojećeg stanja i nastanak nenadoknadive štete koja prijeti. Tužitelj tvrdi i da, s obzirom na prirodu spora između stranaka, smatra da bi se privremenom mjerom trebao privremeno urediti sporni odnos među strankama. Tužitelj stoga predlaže da sud odredi privremenu mjeru kojom se privremeno uređuje sporni odnos stranaka na način da se odgađaju posljedice podnesenog otkaza kredita tuženika tužitelju od 8.03.2007. god. te se tuženik mora suzdržati od poduzimanja radnji ostvarivanja prava koja iz otkaza kredita proizlaze.

Tuženik je u odgovoru na tužbu istakao prigovor nedostatka pravnog interesa tužitelja za podnošenje deklaratorne tužbe. Tuženik je ustvrdio da ga je tužitelj već kod obrade kreditnog zahtjeva doveo u zabludu na način da je tadašnji član uprave Boris Mikšić potpisao Izjavu iz koje da je bilo vidljivo da je on jedini član osnivač tužitelja, a koja Izjava da je bila jedna od odlučnih činjenica prilikom odobravanja kredita. Tuženik je ustvrdio da je kasnije saznao da pored Borisa Mikšića postoje i drugi članovi osnivača tužitelja što da je već bilo dovoljno za otkaz Ugovora u skladu s odredbom čl. 12 st. 2 u vezi s čl. 13 st. 1 tč. 7 Ugovora o kreditu. Tuženik je ustvrdio da su naknadno nastupile i druge okolnosti predviđene čl. 13 Ugovora o kreditu i to blokada žiro računa korisnika kredita, promjene poslovanja odnosno likvidnosti ili financijskog materijalnog stanja korisnika kredita koji po ocjeni banke dovode u pitanje uredan povrat kredita, neispunjenje obveza iz Ugovora odnosno nedostavljanje financijskih izvješća, revizorskih nalaza, podataka o statusu tvrtke, podataka o promjeni vlasničke strukture i podataka o svom položaju. Tuženik je ustvrdio da su prva kreditna sredstva puštena dana 19.04.2006. god. isplatom izvođaču radova Progres d.d. Beli Manastir te da je daljnje puštanje kreditnih sredstava nastavljeno sve do 19.07.2006. god. Tuženik je ustvrdio da je u mjesecu kolovozu 2006. god. zaprimio zahtjev g. Mikšića da se daljnje puštanje kreditnih sredstava zaustavi zbog problema koji su nastali među članovima osnivačima društva. Tuženik je ustvrdio da je za vrijeme sukoba među vlasnicima glavni izvođač radova Progres d.d. blokirao račun tužitelja u studenom 2006. god. zbog neplaćanja ispostavljenih

Posl. br. X-P-406/2007-12

situacija, a naknadno da su žiro račun tužitelja blokirali suvlasnici tužitelja nakon čega da je tuženik bio prisiljen otkazati Ugovor o kreditu. Tuženik je ustvrdio da je žiro račun tužitelja do dana 2.04.2007. god. bio u blokadi 132 dana i da ta blokada još uvijek traje.

Tužitelj je u podnesku od 11.05.2007. god. ustvrdio da ima pravni interes tražiti sudsku zaštitu deklaratornom tužbom budući temeljem odredbe čl. 187 ZPP-a može tužbom tražiti da sud utvrdi postojanje pravnog odnosa, u ovom slučaju utemeljenog na Ugovoru o kreditu sklopljenom između parničnih stranaka 6.04.2006. god. budući da je tuženik dana 8.03.2007. god. isti jednostrano otkazao bez navođenja konkretnog razloga za otkaz. Tužitelj je ustvrdio da nije točno da je član uprave Boris Mikšić potpisao izjavu iz koje je vidljivo da je on jedini član osnivač tužitelja jer da je takvu izjavu potpisao Stjepan Buljubašić što da je Borisu Mikšiću bilo nepoznato. Tužitelj je ustvrdio da se postavlja pitanje zbog čega tuženik, kada je navodno saznao da pored Borisa Mikšića postoji i drugi član društva, nije tada otkazao Ugovor već je i nakon ovog saznanja nastavio izvršavati ugovorne obveze iz istoga. Tužitelj je ustvrdio i da je tuženika dopisom od 2.02.2007. god. obavijestio da je njegov jedini osnivač Boris Mikšić uz koji dopis da je priložio i rješenje Trgovačkog suda u Osijeku od 31.01.2007. god. te izvadak iz sudskog registra od istog datuma. Tužitelj je ustvrdio da je do blokade njegovog žiro računa došlo isključivo zbog tuženikovog neizvršavanja ugovornih obveza jer da tuženik nije na tužiteljeve učestale pozive izvršavao plaćanje obavljenih građevinskih radova radi čega je Ugovor o kreditu i sklopljen. Tužitelj je ustvrdio da je na dan otkaza kredita tužiteljev žiro račun bio blokiran upravo zbog tuženikovog odbijanja da izvrši svoje ugovorne obveze pa da se tuženik ne može pozivati na blokadu tužiteljevog žiro računa kao razlog za otkaz. Tužitelj je ustvrdio da nije sporno da su u određenom vremenskom razdoblju tijekom VII i VIII mjeseca 2006. god. nastupili određeni problemi između tadašnjih tužiteljevih osnivača, ali kasnije da je vlasnička struktura razriješena. Tužitelj je ustvrdio da nije točno da je tuženik bio prisiljen otkazati ugovor o kreditu zbog blokade kojom su suvlasnici tužitelja blokirali žiro račun tužitelja jer da je tuženik otkazao ugovor pismom od 8.03.2007. god. pa se postavlja pitanje kako je mogao znati

4

Posl. br. X-P-406/2007-12

za blokadu suvlasnika koja je uslijedila tek 12.03.2007. god. nakon što je povučena blokada tvrtke Progres istoga dana. Tužitelj je ustvrdio i da je tuženik dana 24.04.2007. god. blokirao tužiteljev račun s iznosom od 12.173.632,30 kn. Tužitelj je ustvrdio da, s obzirom na te nove okolnosti, predlaže da sud donese presudu kojom će utvrditi da je Ugovor o dugoročnom kreditu od 6.04.2006. god. na snazi i proizvodi pravne učinke te obvezati tuženika na isplatu iznosa od 12.123.504,50 kn spp. Tužitelj je također predložio da sud donese privremene mjere citirane u izreci ovog rješenja pozivajući se na to da je tuženik dana 24.04.2007. god. blokirao tužiteljev žiro račun i time tužitelja u potpunosti onemogućio u daljnjoj realizaciji projekta izgradnje proizvodnog pogona pa da je time promijenio postojeće stanje stvari i da tužitelju prijeti nenadoknadiva šteta.

Tuženik je u podnesku od 22.05.2007. god. ustvrdio da je tužitelj u podnesku od 11.05.2007. god. promijenio istovjetnost tužbenog zahtjeva jer da se novi tužbeni zahtjev razlikuje od prvobitnog i u pogledu sadržaja i u pogledu osnova. Tuženik je ustvrdio da u prijedlogu tužitelja za određivanje privremene mjere nije jasno koja je to konkretna nenovčana tražbina čije se osiguranje traži privremenom mjerom, a da se privremene mjere ne mogu određivati povodom zahtjeva koji u sebi ne sadrži tražbinu predlagatelja osiguranja. Tuženik je ustvrdio da je blokada žiro računa tužitelja izvršena nakon otkaza Ugovora o kreditu i kada je cjelokupna tražbina koja je isplaćena tužitelju dospjela na naplatu. Tuženik je ustvrdio da je na temelju zadužnice zatražio naplatu svog dospjelog potraživanja, a da zadužnica u smislu Ovršnog zakona ima svojstvo pravomoćnog rješenja o ovrsi odnosno ovršne isprave te da se sudskom odlukom ne može privremeno ili trajno zabraniti naplata po ovršnoj ispravi odnosno rješenju o ovrsi. Tuženik je ustvrdio i da tužitelj nema nikakvih sredstava na žiro računu pa da nije jasno što bi se u konkretnom slučaju trebalo osloboditi.

Tužitelj je u podnesku od 31.05.2007. god. ustvrdio da tuženikovi prigovori koji se odnose na tužbeni zahtjev kako je postavljen u podnesku od 11.05.2007. god. nisu osnovani. Tužitelj je ustvrdio da, ako se prihvati zahtjev kojim se traži da otkaz nije nastupio, Ugovor o kreditu je i dalje

5

Posl. br. X-P-406/2007-12

na snazi i proizvodi pravne učinke i da je to upravo ono što je tužitelj napisao u svom podnesku od 11.05.2007. god. Tužitelj je ustvrdio i da ispravlja tč. 2 tužbenog zahtjeva koja se odnosi na isplatu budući je u podnesku od 11.05.2007. god. došlo do greške u pisanju na način da od tuženika traži isplatu iznosa od 10.113.523,00 kn spp. Tužitelj je ustvrdio da je tuženik svojim otkazom Ugovora o kreditu, premda tužitelj nije prouzročio niti jedan otkazni razlog, zapravo izvršio zlouporabu prava kako bi došao do tužiteljeve imovine - izgrađene zgrade koja vrijedi daleko više od ukupno doznačenog iznosa kredita. Tužitelj je ustvrdio da, nezavisno od činjenice da je tuženik ishodio blokadu tužiteljevog žiro računa temeljem zadužnice, tužitelj može tražiti predloženu privremenu mjeru jer da je zadužnica realizirana zlouporabom prava. Tužitelj je ustvrdio da nije tražio zabranu naplate po zadužnici već zaštitu od nastanka nenadoknadive štete i nasilja koje trpi tuženikovim postupcima.

Prijedlog tužitelja za određivanje privremene mjere nije osnovan.

Tužitelj se u izmijenjenom prijedlogu za određivanje privremene mjere u podnesku od 11.05.2007. god. poziva na odredbu čl. 298 OZ i navodi da mu je tuženik «blokirao» žiro račun za iznos od 12.173.630,00 kn, a u podnesku od 31.05.2007. god. čini nespornim da je tuženiku kao temeljem zadužnice koju je tužitelj izdao tuženiku kao sredstvo osiguranja povrata kredita po Ugovoru od 6.04.2006. god.

Odredbom čl. 298 OZ propisano je da se radi osiguranja nenovčane tražbine može odrediti privremena mjera ako predlagatelj osiguranja učini vjerojatnim postojanje svoje tražbine te opasnost da bi bez takve mjere protivnik osiguranja spriječio ili znatno otežao ostvarenje tražbine osobito time što bi promijenio postojeće stanje stvari ili ako učini vjerojatnim da je mjera potrebna da bi se spriječilo nasilje ili nastanak nenadoknadive štete koja prijeti s tim što predlagatelj osiguranja ne mora dokazivati opasnost ako učini vjerojatnim da bi predloženom mjerom protivnik osiguranja pretrpio samo neznatnu štetu.

6

02/07 2007 11:21 FAX 0038551320878     ODVJ.URED JAJAŠ & HODZIĆ     ☒011

Posl. br. X-P-406/2007-12

Prvenstveno je za istaći da prema odredbi čl. 183 st. 1 OZ obična zadužnica ima učinak pravomoćnog rješenja o ovrsi, a isti učinak ima i bjanko zadužnica (čl. 183a st. 2 OZ). Prema stajalištu sudske prakse (koje se analogno može primijeniti i u ovom slučaju s obzirom na citirane odredbe čl. 183 i 183a OZ) nije dopuštena privremena mjera kojom bi sud zabranio provođenje prisilnog izvršenja (VTS RH, Pž-1888/95 od 6.06.1995. god.) odnosno zabranio postupanje po pravomoćnom rješenju o ovrsi (VTS RH, Pž-301/99 od 9.02.1999. god.).

Već zbog ovog razloga prijedlog tužitelja za određivanje privremene mjere bio bi neosnovan.

Međutim, u pravnoj teoriji postoje i stajališta o tome da je radi osiguranja nenovčanih tražbina moguće odrediti privremene mjere primjerice zabranom vjerovniku kao protivniku osiguranja da naplati tražbinu iz zadužnice, zabranom banci da obavi isplatu na temelju zadužnice, zabranom otuđenja i opterećenja zadužnice te oduzimanjem zadužnice i njezinom predajom na čuvanje. Za osiguranje novčane tražbine, pak, prema istom stajalištu mogle bi se odrediti privremene mjere iz čl. 297 OZ ako predlagatelj učini vjerojatnim postojanje pretpostavki za njihovo određivanje (čl. 296 OZ).

U konkretnom slučaju, tužitelj nije naveo kakvu nenovčanu tražbinu ima prema tuženiku, a iz tužbenog zahtjeva slijedi da je prema tuženiku istakao samo zahtjev za isplatu iznosa od 10.113.523,00 kn spp pa se može govoriti jedino o eventualnom postojanju novčane tražbine tuženika prema tužitelju. Za napomenuti je, međutim, da se privremenim mjerama koje predlaže tužitelj ne može postići svrha osiguranja takve (eventualne) tražbine tužitelja prema tuženiku.

Nadalje, tužitelj se poziva na odredbu čl. 299 st. 2 OZ prema kojoj sud može odrediti mjeru kojom će privremeno urediti sporni odnos među strankama ako je to nužno radi sprječavanja nastanka nenadoknadive ili teško nadoknadive štete, nasilja ili ako je iz drugih važnih razloga to potrebno radi osiguranja pravnog reda.

7

Posl. br. X-P-406/2007-12

Tužitelj, međutim, u izmijenjenom prijedlogu od 11.05.2007. god. ne navodi na koji način predlaže da bi trebalo privremeno urediti sporni odnos između tužitelja i tuženika. Ovo budući da mjere koje tužitelj predlaže nisu mjere iz čl. 299 st. 2 OZ već mjere iz čl. 299 st. 1 OZ za čije određivanje (kako je ranije obrazloženo) nisu ispunjene pretpostavke iz čl. 298 OZ (ne postoji nenovčana tražbina tužitelja prema tuženiku) odnosno čije je određivanje nedopušteno.

Kako nisu ispunjeni uvjeti za određivanje privremene mjere, valjalo je prijedlog tužitelja odbiti i odlučiti kao u izreci.

Rijeka, 27.5 lipnja 2007. godine



Sudac: NADA MARAŠ v.r.

**POUKA O PRAVNOM LIJEKU:**

Protiv ovog rješenja nezadovoljna stranka može podnijeti žalbu u roku od 8 dana od dana primitka istog. Žalba se podnosi putem ovog suda u tri istovjetna primjerka, a o žalbi odlučuje Visoki trgovački sud Republike Hrvatske u Zagrebu.

8