UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CORTEC CORPORATION, a Minnesota corporation :

                Plaintiff,

   -against-

ERSTE BANK DER OESTERREICHISCHEN
SPARKASSEN AG (ERSTE BANK), an Austrian
corporation,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

No. 07 Civ. 6094 (CM) (DFE)

**Electronically Filed**

---

**REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THE MOTION OF DEFENDANT
ERSTE BANK DER OESTERREICHISCHEN SPARKASSEN AG
TO DISMISS THE COMPLAINT**

---

James D. Arden
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

*Attorney for Defendant Erste Bank der
oesterreichischen Sparkassen AG*

## TABLE OF CONTENTS

                                                                                                                                    **Page**

TABLE OF AUTHORITIES ........................................................................................................ ii

ARGUMENT ................................................................................................................................. 1

      I.      ERSTE BANK AG'S MOTION TO DISMISS SHOULD NOT BE
              CONVERTED TO A MOTION FOR SUMMARY JUDGMENT ......................... 1

      II.     CORTEC'S CLAIMS FOR TORTIOUS INTERFERENCE WITH
              CONTRACT AND ECONOMIC ADVANTAGE ARE WHOLLY
              WITHOUT MERIT ................................................................................................ 1

      III.    THE COURT SHOULD DISMISS CORTEC'S UNSUPPORTED
              CLAIMS FOR ACTUAL, APPARENT AND IMPLIED AGENCY ..................... 3

      IV.    THE FORUM SELECTION PROVISIONS MANDATE THAT THIS
              ACTION BE LITIGATED IN CROATIA ............................................................. 5

      V.     THE DOCTRINE OF *FORUM NON CONVENIENS* REQUIRES
              DISMISSAL ........................................................................................................... 8

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Abdullahi v. Pfizer, Inc.*, No. 01 Civ. 8118 (WHP), 2005 WL 1870811 (S.D.N.Y. Aug. 9, 2005) ................................................................................................................. 9

*Abdullahi v. Pfizer, Inc.*, 77 Fed. Appx. 48 (2d Cir. 2003) ........................................................ 8

*Abrar Surgery Ltd. v. M.V. Jolly Oro*, No. 97 Civ. 8865 (MBM), 1999 WL 295003 (S.D.N.Y. May 11, 1999) ............................................................................................... 8

*Alex Rodriguez v. P.O. Chester Kittles*, 92 Civ. 1154 (SHS), 1996 U.S. Dist. LEXIS 309 (S.D.N.Y. January 11, 1996) .................................................................................... 2, 3

*Cortec Industrial, Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991) .................................. 1

*D'Accord Financial Services, Inc. v. Metsa-Serla Oy*, No. 98 Civ. 5847 (DLC), 1999 WL 58916 (S.D.N.Y. Feb. 8, 1999) ................................................................................. 4

*Global Network Communications, Inc. v. City of New York*, 458 F.3d 150 (2d Cir. 2006) ............. 1

*Gonzales v. P.T. Pelangi Niagra Mitra International, P.T.*, 196 F. Supp. 2d 482 (S.D. Tex. 2002) ............................................................................................................. 5, 6, 9

*Kirch v. Liberty Media Corp*, 449 F.3d 388 (2d Cir. 2006) .................................................. 1, 2

*Korean Press Agency v. Yonhap News Agency*, 421 F. Supp. 2d 775 (S.D.N.Y. 2006) ............... 6

*Lumbermens Mutual Casualty Co. v. Franey Muha Alliant Insurance Services*, 388 F. Supp. 2d 292 (S.D.N.Y. 2005) ..................................................................................... 3

*Mouawad National Co. v. Lazare Kaplan International Inc.*, 476 F. Supp. 2d 414 (S.D.N.Y. 2007) ........................................................................................................... 3

*Pliva D.D. v. Baxter International Inc.*, No. 03 C 7371, 2004 WL 2011391 (N.D. Ill. Aug. 24, 2004) ........................................................................................................... 8

*Sablic v. Armada Shipping APS*, 973 F. Supp. 745 (S.D. Tex. 1997) ....................................... 7

*Sanders v. Bressler*, 03-CV-5283 (DRH) (WDW), 2006 U.S. Dist. LEXIS 8352 (E.D.N.Y. Feb 10, 2006) ............................................................................................. 4

*Straker v. Metropolitan Transit Authority*, 333 F. Supp. 2d 91 (E.D.N.Y. 2004) ....................... 3

*Vidovic v. Losinjska Plovidba Oour Broadarstvo*, Civ. A. No. 93-3887, 1995 WL 224397 (E.D. Pa. April 18, 1995) ............................................................................................ 7

## STATE CASES

*Brown v. North America Energy Programs, Inc.*, No. 46749, 1983 WL 2772 (Ohio App. Nov. 17, 1983) ........................................................................................................... 4

*Depot Const. Corp. v. City of New York*, 46 N.Y.2d 859, 414 N.Y.S.2d 511 (1979) ..................... 4

*Martian Entertainment, LLC v. Harris*, No. 600384/06, 2006 WL 2167178 (N.Y. Sup. Ct. July 5, 2006) .................................................................................................... 1, 2

*Radeljak v. Daimlerchrysler Corp.*, 475 Mich. 598, 719 N.W.2d 40 (Mich. 2006) ....................... 7

*Renel Const. Inc. v. Brooklyn Co-op Meat Distribution Center Inc.*, 59 A.D.2d 391, 399 N.Y.S.2d 429 (1st Dep't 1977) .................................................................................. 4

*Swertz v. Swertz*, 28 Misc. 2d 904, 211 N.Y.S.2d 252 (Sup. Ct. 1961) ......................................... 2

## FEDERAL STATUTES

Fed. R. Civ. P. 19 ......................................................................................................................... 10

## **ARGUMENT**

### I.  ERSTE BANK AG'S MOTION TO DISMISS SHOULD NOT BE CONVERTED TO A MOTION FOR SUMMARY JUDGMENT

Cortec's opposition overlooks settled law authorizing a Court to consider, on a motion to dismiss, documents integral to the complaint. See Global Network Communications, Inc. v. City of New York, 458 F.3d 150, 156-57 (2d Cir. 2006) ("a court may consider extrinsic documents where the complaint relies heavily upon its terms and effects") (internal quotations omitted); see also Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) ("Where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated").

Astonishingly, Cortec cites Global Network in arguing that the loan documents that define the obligations at issue must be ignored on a Rule 12(b)(6) motion. However, as that decision fully recognizes, this court may consider the actual documents "containing obligations upon which [plaintiff's] complaint stands or falls," but which were not attached to the complaint "because the documents . . . would undermine the legitimacy" of Cortec's claim. Global Network, 458 F.3d at 157. This principle prevents Cortec from "from generating complaints invulnerable to Rule 12(b)(6) simply by clever drafting." Id.

### II.  CORTEC'S CLAIMS FOR TORTIOUS INTERFERENCE WITH CONTRACT AND ECONOMIC ADVANTAGE ARE WHOLLY WITHOUT MERIT

Cortec's tortious interference claims are conclusory and, failing to meet the minimal pleading standards, should be dismissed. Kirch v. Liberty Media Corp, 449 F.3d 388, 401 (2d Cir. 2006) (internal citations omitted); Martian Entm't, LLC v. Harris, No. 600384/06, 2006 WL 2167178, at *7 (N.Y. Sup. Ct. July 5, 2006) ("Without allegations of breach and knowledge, plaintiff's tortious interference claim is defective on its face, and must be dismissed"). Cortec's

claim that knowledge of the contracts can be "imputed" from ESB to Erste Bank AG relies on an agency theory that is deficient, as explained further in Section III of this reply brief.

Confronted with its pleading deficiencies, Cortec seeks to introduce allegations in the declaration of Boris Miksic. Miksic now claims to have had a conversation with an unnamed and unidentifiable member of Erste Bank AG's board of directors, who allegedly suggested to Miksic that Erste Bank AG was aware of the EcoCortec project. Miksic Declaration ("Miksic Decl.") ¶ 14. Miksic alleges that Erste Bank AG "necessarily" knew of the existence of an agreement between Cortec and EcoCortec. Id. ¶ 15. As this Court has held, it is wholly improper for Cortec to attempt to use its opposition papers to amend its complaint. Alex Rodriguez v. P.O. Chester Kittles, 92 Civ. 1154 (SHS), 1996 U.S. Dist. LEXIS 309, at *5 (S.D.N.Y. January 11, 1996); see Swertz v. Swertz, 28 Misc. 2d 904, 905, 211 N.Y.S.2d 252, 253 (Sup. Ct. 1961) ("[A] reply cannot be resorted to for the purpose of amending a complaint ... The remedy of the plaintiff, if any, is to [formally] move to amend his complaint").

Cortec also has failed to show that there was an actual breach of a contract with a third party. It is undisputed that "[t]o allege a breach of contract, the complaint must set forth the terms of the agreement, either expressly referencing it or attaching a copy of it." Martian Entm't, 2006 WL 2167178, at *7. Here, Cortec refuses to identify any provisions of an agreement that was breached. Cortec's last-ditch effort to offer copies of "exemplar" agreements that "are of the type provided to [ESB]" (Miksic Dec. ¶ 12) is insufficient. Failure to properly allege a breach of contract with a third party should result in the dismissal of the cause of action. Kirch, 449 F.3d at 401-02.

As to interference with prospective relations, Cortec seeks to allege the additional element of intent by alleging that Erste Bank AG was "motivated by political considerations" (Cortec Mem. at 15), a conclusory allegation not alleged in the Complaint.

2

### III. THE COURT SHOULD DISMISS CORTEC'S UNSUPPORTED CLAIMS FOR ACTUAL, APPARENT AND IMPLIED AGENCY

Ignoring the relevant case law cited in the moving brief, Cortec argues that "an actual or implied agency relationship may be inferred from the nature of the relationship between a corporate parent and subsidiary." Cortec Mem. at 12. However, a mere parent/subsidiary relationship is insufficient to establish actual or implied agency. Rather, "an agency relationship is established where there is [*inter alia*] ... absence of gain or risk to the agent [and] ... control by the principal." Mouawad Nat. Co. v. Lazare Kaplan Int'l Inc., 476 F. Supp. 2d 414, 422 (S.D.N.Y. 2007). The facts alleged by Plaintiff fail to support its conclusion that an agency relationship between ESB and Erste Bank AG exists. Lumbermens Mut. Cas. Co. v. Franey Muha Alliant Ins. Servs., 388 F. Supp. 2d 292, 301 (S.D.N.Y. 2005) (where "the question of agency is not open to doubt, and only one reasonable conclusion can be drawn from the facts in the case, agency is a question for the court") (internal quotations and citations omitted).

Cortec again seeks to cure a deficient pleading with the Miksic declaration. In the complaint, Cortec alleges that representatives of ESB told Miksic that they were acting as agents of Erste Bank AG (Compl. ¶¶ 39-40), which is plainly deficient because an agent has apparent authority only where the *principal* expressly indicates that the agent will act on his behalf. In his declaration, Miksic claims to have "received representations from Erste Bank AG about that entity's relationship with [ESB]," Cortec Mem. at 13; but even apart from the deficient language used, the declaration cannot amend the pleading. Rodriguez, 1996 U.S. Dist. LEXIS 309, at *6. Because Cortec's complaint fails to allege that Erste Bank AG advised Miksic that it had granted ESB authority to act on its behalf, these claims should be dismissed. See Straker v. Metropolitan Transit Authority, 333 F. Supp. 2d 91, 102 (E.D.N.Y. 2004) (dismissing complaint on the grounds that it merely stated "conclusory allegations" and failed to allege facts to support its

3

claims); D'Accord Financial Services, Inc. v. Metsa-Serla Oy, No. 98 Civ. 5847 (DLC), 1999 WL 58916, at *3 (S.D.N.Y. Feb. 8, 1999).

Cortec also wholly ignores the case law cited in the moving brief (at 13) showing that neither Cortec nor EcoCortec can have a claim against Erste Bank AG under a contract entered into explicitly with ESB. See, e.g., Renel Const. Inc. v. Brooklyn Co-op Meat Distribution Center Inc., 59 A.D.2d 391, 394, 399 N.Y.S.2d 429, 431 (1st Dep't 1977) (action against principal dismissed because the contract on its face was between the agent and the third party), aff'd, Depot Const. Corp. v. City of New York, 46 N.Y.2d 859, 414 N.Y.S.2d 511 (1979); Brown v. North Am. Energy Programs, Inc., No. 46749, 1983 WL 2772, at *2 (Ohio App. Nov. 17, 1983) ("where a third party contracts with an agent alone, the party cannot maintain an action against the agent's principal"). Cortec focuses instead on broad agency standards that are immaterial here.

ESB entered into the Loan Agreement with EcoCortec on its own behalf and for its own benefit, disbursed funds to EcoCortec, and thereafter called due the loan to EcoCortec. Cortec's alternative claims that Erste Bank AG either called the loan or instructed ESB to do so are deficient; the former is refuted on the face of the Termination Notice and the latter is wholly conclusory. To induce ESB to make the loan, Cortec executed a guarantee expressly in favor of ESB. Cortec cannot assert a contract claim against Erste Bank AG, a non-party to the contracts.[1]

---

[1] The contract claim also fails because Cortec is not pleaded as a third party beneficiary to the Loan Agreement. In granting a Rule 12(b)(6) motion to dismiss, Judge Hurley recently noted that the benefit to the third party must be "immediate and direct," not incidental, and the "intent to benefit a third party must be shown on the face of the Agreement." Sanders v. Bressler, 03-CV-5283 (DRH) (WDW), 2006 U.S. Dist. LEXIS 8352, at *18-19 (E.D.N.Y. Feb 10, 2006) (citations omitted). "Where the contract is clear and unambiguous on its face, the courts must determine the intent of the parties from within the four corners of the instrument." Id. at 18. The Loan Agreement here is clear and does not confer third party beneficiary status on Cortec.

4

## IV. THE FORUM SELECTION PROVISIONS MANDATE THAT THIS ACTION BE LITIGATED IN CROATIA

As explained in detail in Erste Bank AG's moving brief (at 16-19), the action should be dismissed because the parties to the Loan Agreement and the Surety Agreement explicitly agreed to litigate any disputes in Croatia. Contrary to Cortec's claims, Croatia is an adequate forum and the exclusive forum for this dispute.

In a desperate effort to avoid dismissal, Cortec asserts that it cannot receive a fair trial in Croatia because the Croatian legal system is "beset by corruption" and because Cortec's President, Boris Miksic, is a public figure in Croatia not well-liked by the political establishment. Cortec Mem. 19-20. However, the fact that Miksic is a well-known politician in Croatia does not disqualify Croatia as a forum, and Cortec has not cited one case where an American court has failed to enforce a valid forum selection clause because of a plaintiff's claim of bias or corruption in the foreign forum.

American courts have routinely rejected such arguments. In Gonzales v. P.T. Pelangi Niagra Mitra Int'l, P.T., 196 F. Supp. 2d 482 (S.D. Tex. 2002), the plaintiff opposed defendants *forum non conveniens* motion arguing that the courts of Indonesia are so "corrupt as to make fair and timely resolution of their claims highly unlikely." Id. at 487. The Gonzales court stated:

> In support of this argument, Plaintiffs offer voluminous proof of corruption in the Indonesian judiciary – including newspaper articles, statements by prominent Indonesian politicians, the results of a survey conducted by the Partnership for Governance Reform in Indonesia, a World Bank report and statements by the United States government. Nevertheless, while the Court certainly acknowledges and understands Plaintiffs' concerns about potential unfairness in the Indonesian judiciary, such allegations of corruption fail to render Indonesia an inadequate forum for forum non conveniens purposes.

Id. at 487-88. The Gonzales court noted that "[t]he overwhelming majority of courts addressing this argument have rejected allegations of corruption or bias on the part of the foreign forum as a

5

means of preventing a forum non conveniens dismissal." Id. at 488. "Making a generalized pronouncement condemning the Indonesian court system as 'inadequate' is not the right nor the duty of this Court." Id.

Moreover, Cortec consented to resolve this dispute in Croatia only last year and cannot now claim a Croatian forum is inadequate. In his declaration, Miksic states that he is a dual citizen of United States and Croatia, the President of Cortec, and an officer and member of the management board of EcoCortec, a company organized under the laws of the country of Croatia. According to Cortec's Complaint, the EcoCortec Facility in Beli Manastir, Croatia, was designed for the exclusive manufacture of Cortec's biodegradable anti-corrosion films. Miksic admits that he chose Beli Manastir as the location for the EcoCortec Facility in order to take advantage of the "incentives" the Croatian government provided to businesses willing to invest in areas devastated by the war under the Croatian Bank for Reconstruction and Development Program (the "CBRD Program"). Miksic Decl. ¶ 5. In order to comply with the requirements of the CBRD Program, he sought out ESB as a Tier 1 bank to finance the construction of the EcoCortec Facility. In the Loan Agreement with ESB, EcoCortec agreed to litigate any disputes in Croatia; the clause is comprehensive and mandatory.[2] Cicek Decl. Exhibit D (¶ 14) ("In case of dispute, the court in [Rijeka] *will* be *the* competent court" (emphasis added)). Cortec and Miksic likewise voluntarily entered into the Surety Agreement with ESB, which calls for any "dispute arising

---

[2] Cortec also argues that the clauses are permissive -- despite the fact that the clauses here clearly provide that a Croatian court will be *the* competent court -- and would not encompass the tort claims. Neither argument survives scrutiny under Korean Press Agency v. Yonhap News Agency, 421 F. Supp. 2d 775 (S.D.N.Y. 2006). There the court found tortious interference claims to be encompassed under a forum selection clause in a related contract and held the clause mandatory, distinguishing the case law cited by Cortec. Although discussed at 19 of the moving brief, Cortec simply ignores Korean Press. In footnote 3 of its brief, Cortec cites an irrelevant case involving a *pre*-contract tort. Here, the tortious interference claims depend on *inter alia* a finding that the Loan Agreement was breached by ESB.

6

from the application of this Agreement" to be decided by a Rijeka court. Cicek Decl. Exhibit F (Surety Agreement Art. 10).

Having voluntarily sought out business opportunities in Croatia, including the incentives offered by the Croatian government, Cortec negotiated and signed an agreement selecting a Croatian court as the forum for resolving any dispute. Cortec cannot now avoid a Croatian court on the basis of Miksic's political profile, which preceded the forum selection clause, any more than EcoCortec could have avoided Croatia as the forum for its pending suit against ESB.

Furthermore, the cases relied on by Cortec in support of its proposition that "American courts have recognized the difficulty in obtaining a fair trial in Croatia" are inapposite. Cortec Mem. at 20, citing Vidovic v. Losinjska Plovidba Oour Broadarstvo, Civ. A. No. 93-3887, 1995 WL 224397 (E.D. Pa. April 18, 1995) and Sablic v. Armada Shipping APS, 973 F. Supp. 745 (S.D. Tex. 1997). In Vidovic, the court noted that Croatia was in the midst of an on-going civil war. Furthermore, the plaintiff was a foreigner and the defendant an entity controlled in substantial part by the Republic of Croatia. Vidovic, 1995 WL 224397, at *2. Because of the instability of the Croatian legal system at the time, the court denied the defendants' motion to dismiss. Id. Similarly, in Sablic, the court found that Croatia was not an adequate forum in 1997 because of the political and military instability of the region. Sablic, 973 F. Supp. at 748 ("Croatia is a war-torn country that, while making great strides towards recovery, is simply too unstable for the Court to find it to be an adequate forum for Plaintiff's suit."). Both these cases were decided more than ten years ago at a time when Croatia was ravaged by war; Cortec cannot show that the same conditions exist today. Indeed, recently the Michigan Supreme Court dismissed an action, finding that Croatia provided a more convenient forum than Michigan. Radeljak v. Daimlerchrysler Corp., 475 Mich. 598, 719 N.W.2d 40 (Mich. 2006).

Moreover, the plaintiff cites no case in which a court refused to enforce a forum selection clause calling for litigation in Croatia. Even in the aftermath of civil war, in 1999, Judge Mukasey dismissed an action and enforced a forum selection clause requiring that the claims be brought before a court in Croatia. Abrar Surgery Ltd. v. M.V. Jolly Oro, No. 97 Civ. 8865 (MBM), 1999 WL 295003 (S.D.N.Y. May 11, 1999).

Cortec cites to Pliva D.D. v. Baxter Int'l Inc., No. 03 C 7371, 2004 WL 2011391 (N.D. Ill. Aug. 24, 2004), but that case did not involve a forum selection clause and does not support Cortec. The court in Pliva did not find that Croatia was an inadequate forum. Pliva, 2004 WL 2011391, at *5 ("Former adverse rulings regarding the adequacy of Croatia as a forum were in large part due to the flux in the post-Yugoslavian years and the resultant Civil War in the Balkans. However, Croatia is now a candidate for European Union Membership and could be a full-fledged member as early as 2007; and its legal system and codes were shaped in large part by American advisors and legal standards. . . . Adequate forums exist in both Sweden and Croatia for the present case."). The court nevertheless found that due to the heavy backlog in the Croatian courts the balance of factors weighed against granting the motion. Id. at 7.

Erste Bank AG has established that Cortec is bound by the forum selection clauses in the Loan Agreement and the expressly "integral" Surety Agreement. These forum selection provisions are mandatory, and enforcement of these provisions is both reasonable and just.

## V.   THE DOCTRINE OF *FORUM NON CONVENIENS* REQUIRES DISMISSAL

Cortec also relies on its generalized allegations against Croatian courts to oppose Erste Bank AG's motion for dismissal on the ground of *forum non conveniens*.[3] Cortec Mem. at 21.

---

[3] Cortec's reliance on Abdullahi v. Pfizer, Inc., 77 Fed. Appx. 48 (2d Cir. 2003) is misguided. In that case the District Court dismissed the plaintiffs case on the basis of *forum non conveniens* despite plaintiffs claims that Nigeria was an inadequate alternative forum because of the corruption in the Nigerian court system. The Court of Appeals did not hold that Nigeria was an

8

Cortec has not met its heavy burden to establish that it cannot obtain justice in a Croatian court. In a *forum non conveniens* analysis, a foreign forum is inadequate only when it amounts to "no remedy at all." Gonzales, 196 F. Supp. 2d at 486. Here the thoughtful opinion issued by the Rijeka court in denying EcoCortec's motion for an injunction against ESB (Cicek Decl. Ex. M) exposes the emptiness of Cortec's attack on Croatian courts.

Contrary to Cortec's assertions, the private interest factors overwhelmingly favor litigation in Croatia, not New York. No witness resides in New York, and even Miksic spends considerable time in Croatia. Key witnesses in this matter reside in Croatia, including the non-parties who are the actual parties to the Loan Agreement and others relevant to the loan such as officials of the City of Beli Manastir and the CBRD. In fact, in his declaration, Miksic names as key witnesses two ESB employees with whom he claims to have met prior to the execution of the Loan Agreement, Ms. Balog and Mr. Krajina. Miksic Decl. ¶¶ 10, 14. Both reside in Croatia and are beyond the subpoena power of this Court, as are other important witnesses – including the EcoCortec officers (such as its President, Stjepan Biljubasic) who submitted the falsified loan application that claimed Miksic was the sole shareholder of the company when in fact they too were shareholders. According to a news account adopted by Miksic as an exhibit to his declaration, Miksic told the Croatian media that the loan at issue was terminated because of his dispute with his "business partners" in EcoCortec. Miksic Decl. Ex. H at 1-2 (Miksic "claims that the bank that had given him the loan halted the payment ... because of the argument they had had among themselves. The reason was that his business partners tried to cheat on him."). The various accounts of Miksic can be tested (and refuted) not only by the testimony of Croatian

---

inadequate forum, but merely remanded the case. On remand, the District Court found Nigeria an adequate forum and also dismissed for failure to state a claim. Abdullahi v. Pfizer, Inc., No. 01 Civ. 8118 (WHP), 2005 WL 1870811 (S.D.N.Y. Aug. 9, 2005). The court cited numerous cases rejecting efforts to rely on reports from the State Department, nongovernmental organizations, and newspapers about the general conditions of foreign courts. Id. at *15.

9

witnesses but by the documents relevant to this matter, which are located in Croatia and are written in the Croatian language.

The relevant "public interest" factors also heavily weigh in favor of dismissal. Here, the citizens in New York have no connection or interest in the outcome of this dispute, while the citizens in Croatia have a great interest in the resolution of this matter. ESB is a Croatian corporation publicly traded in Croatia. Erste Bank AG owns a bare majority of ESB's shares, and ESB has many other shareholders. The citizens of Croatia have a strong interest in this litigation, the interpretation of Croatian law, and the outcome of this lawsuit.

Finally, Miksic's offer to join EcoCortec as a party to avoid Rule 19 issues does not alter this analysis. The joinder has not occurred and in any event would not address the absence of ESB, the other party to the relevant contracts. The termination of the loan at issue is the subject of pending litigation in Croatia that, if resolved in favor of ESB, will preclude any claim by Cortec. There is no reason for this action to proceed in New York, in the face of the thoroughly Croatian nature of the controversy, the clauses selecting Croatia as the forum for any dispute, and the presence of key party and non-party witnesses in Croatia. Accordingly, Erste Bank AG respectfully requests that the Court dismiss the Complaint.

Dated: New York, New York
November 13, 2007

>Respectfully submitted,
>
>SIDLEY AUSTIN LLP
>
>By: /s/ James D. Arden
>   James D. Arden (JA 8779)
>787 Seventh Avenue
>New York, New York  10019
>(212) 839-5300
>
>*Attorney for Defendant*

10

## CERTIFICATE OF SERVICE

I, James D. Arden, hereby certify that on the 13th day of November 2007, I caused the foregoing Reply Memorandum of Law in Further Support of the Motion of Defendant Erste Bank der oesterreichischen Sparkassen AG to Dismiss the Complaint to be filed and served via the Court's ECF system and to be served via FedEx upon the following counsel:

Ronald D. Degen
O'Rourke & Degen, PLLC
225 Broadway, Suite 715
New York, New York 10007

AND

Kirk W. Reilly
Jason J. Stover
Gray, Plant, Mooty, Mooty & Bennett, P.A.
500 IDS Center
80 South Eighth Street
Minneapolis, MN 55402


/s/ James D. Arden
James D. Arden (JA 8779)